CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
August 11, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

# 7:25cv531 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA ROANOKE DIVISION

|  |  |
|---|---|
| **JULLIAN A. HUFFMAN,** **LARRY WEBB, JR.,** Plaintiffs, v. **C/O JONATHAN LOGAN, et al.,** Defendants. | Civil Action No. 7:25cv00531 **MEMORANDUM ORDER** |

Two Virginia inmate plaintiffs, Jullian A. Huffman, ("Huffman"), and Larry Webb, Jr., ("Webb"), have jointly filed this civil rights complaint under 42 U.S.C. § 1983. The plaintiffs, unrepresented by counsel, complain that the defendants are overcharging jail inmates for telephone calls and video visitation available to them through a kiosk located at the Southwest Virginia Regional Jail Authority in Duffield.[1] Neither of the plaintiffs has prepaid $405 in satisfaction of the filing costs for a civil case in this court, as they move to proceed in forma pauperis to allow them to pay the filing costs through installments from their prison trust accounts, pursuant to 28 U.S.C. § 1915(b). Upon review of the record, the court concludes that the interests of the parties, as well as the interests of justice, will be best served if this jointly filed case is severed under Rule 21 of the Federal Rules of Civil Procedure into separate actions, individualized for each plaintiff. Each plaintiff must then agree to pay for his own civil lawsuit and must personally sign any motions or responses submitted therein.

First, a litigant who is not represented by an attorney may prosecute his own lawsuit about claims involving his own interests, but he is not authorized to litigate the interests of any other inmate. *See* 28 U.S.C. § 1654 ("In all courts of the United States

---

[1] The plaintiffs do not provide the name of the jail, but the address they provide for themselves indicates that they both are incarcerated at the referenced facility.

-1-

the parties may plead and conduct their *own* cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.") (emphasis added); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166 (1972) (a litigant "has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others") (citations omitted). Thus, each of these inmates, as pro se litigants, may move forward only with his own claims. *See Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977) (to state civil rights claim, plaintiff must allege facts demonstrating that he himself has sustained, or will sustain, deprivation of right, privilege or immunity secured by the constitution or federal law).

Second, prisoner-filed civil complaints are governed by the Prisoner Litigation Reform Act ("PLRA"), which, among other things, expressly states that a prisoner plaintiff "shall be required to pay the full amount of a filing fee" for a civil action he brings. 28 U.S.C. § 1915(b)(1). The court concludes that, following this mandate, it is appropriate to sever the two plaintiffs' claims into two separate civil actions, so that each plaintiff is required to pay the full filing costs for his case. *See Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (finding that the PLRA *bars* permissive joinder of multiple prisoner plaintiffs in one civil rights action).

Third, practical considerations also counsel against allowing these two prisoner plaintiffs to jointly file and pursue a single civil action. This action alleges personal injuries through charges for phone calls and video visits incurred by each plaintiff inmate. Thus, each plaintiff will need to gather and present to the court evidence about his personal media use and the costs charged to him. Also, from the court's experience over years of handling prisoner-filed cases, a high likelihood exists that circumstances, such as transfers, cell reassignments, lockdowns or personal disagreements, often will prevent inmate plaintiffs from preparing and signing joint pleadings as required in pro se litigation. In addition, a joint lawsuit creates a danger of coercion, subtle or

otherwise, between plaintiffs and may put plaintiffs at an increased risk of receiving a "strike" under 28 U.S.C. § 1915(g).[2]

Fourth, Rule 21 authorizes the court, on its own motion and at any time, to "sever any claim against a party" for separate consideration and trial as the court believes circumstances warrant. *See, e.g.*, *17th St. Assocs., LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d. 584, 598 n.9 (E.D. Va. 2005) (noting that district courts have "virtually unfettered discretion in determining whether or not severance is appropriate").

For the reasons stated, it is hereby **ORDERED** as follows:

1. The claims brought in this jointly filed civil action under § 1983 are hereby **SEVERED** into two separate civil actions — this case, No. 7:25cv00531, consisting only of the claims concerning Huffman, and an additional, separate civil case only for those claims concerning Webb. ***In these cases, only the claims of the plaintiff appearing in the heading of the case will be considered.*** Once the court has set up a new case and assigned a new case number for Webb's lawsuit, he will be notified of that new case number through receipt of an initial Order;

2. In this case and in the new case regarding Webb's claims, the court will enter an initial Order to conditionally file the case and require the plaintiff in each case to prepay the $405 filing costs for the case *or* to provide financial information required to apply for eligibility to pay the $350 filing fee through installments withheld from his trust account, pursuant to 28 U.S.C. § 1915(b). ***Each of the plaintiffs will be responsible for paying for his own case and for prosecuting his own case—by signing every plaintiff filing submitted in that case;***

---

[2] Section 1915(g) bars in forma pauperis litigation for inmates who have had three civil actions dismissed as frivolous, malicious or for failure to state a claim, absent a showing of imminent, serious physical harm.

3. Each plaintiff, using the civil action number of his severed case, shall notify the court in writing immediately upon his transfer or release and shall provide a new address. FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE OF ADDRESS WILL RESULT IN DISMISSAL OF THAT PLAINTIFF'S CASE;

4. Pursuant to a Standing Order of court, all nondispositive matters in this case will be referred to a United States Magistrate Judge;

5. All submissions in these cases should be legible, written on one side of the paper only, with at least one-inch of clear space on all sides of the page. In any document either plaintiff submits to the court, pursuant to General Rule 8 of the Local Rules of the United States District Court for the Western District of Virginia, he must omit, black out or abbreviate personal data identifiers as follows: social security numbers (use only the last four digits), names of minor children (use initials), dates of birth (list only the birth year), financial account numbers (list only the last four digits), and home addresses (list only city and state). Submissions that do not comply with this paragraph may be returned to the plaintiffs without being entered by the court; and

6. All mailed pleadings should be sent to: Clerk, U.S. District Court, 210 Franklin Road SW, Suite 540, Roanoke, VA 24011-2208.

The Clerk is directed to send a copy of this Order to Huffman and Webb.

**ENTERED**: August 11, 2025.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE